IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCGLOTHLIN, | ) | CASE NO. 1:12-CV-1287 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 15). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Christopher McGlothlin's application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I. INTRODUCTION & PROCEDURAL HISTORY

On February 24, 2009, Plaintiff Christopher McGlothlin ("Plaintiff") applied for a Period of Disability and Disability Insurance benefits. (Tr. 141-42). Plaintiff alleged he became disabled on July 31, 2007, due to suffering from post traumatic stress disorder ("PTSD"), bipolar disorder and schizoaffective disorder. (Tr. 141, 231). Plaintiff's Disability Insurance benefits expired on June 30, 2010. (Tr. 185). The Social Security Administration denied Plaintiff's application initially and upon reconsideration. (Tr. 85-87, 92-94). Thereafter, Plaintiff requested a hearing before an administrative law judge to contest the denial of his application. (Tr. 90-91). The administration granted Plaintiff's request and scheduled a hearing. (Tr. 97-100).

On January 31, 2011, Administrative Law Judge Julia Terry (the "ALJ") convened a hearing via video to evaluate Plaintiff's application. (Tr. 60-81). Plaintiff, represented by counsel, appeared and gave testimony from Cleveland, Ohio, (Tr. 41), and the ALJ presided over the hearing from St. Louis, Missouri. (*Id*.). A vocational expert, Barbara Burk, also appeared and testified at the proceeding. (Tr. 76-81).

On February 25, 2011, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (T. 41-54). After applying the five-step sequential analysis,[1] the ALJ determined Plaintiff retained the ability to perform work which existed in significant numbers in the national economy. (*Id*.). Subsequently, Plaintiff requested review of the ALJ's decision from the Appeals Council of the Office of Disability Adjudication and Review. (Tr. 36-37). However,

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

the council denied Plaintiff's request making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II. PERSONAL INFORMATION

Plaintiff, born on September 7, 1977, was 29 years old as of his alleged disability onset date. (Tr. 64). Accordingly, he was considered as a "younger person" for Social Security purposes. *See* 20 C.F.R. § 416.963(c). Plaintiff was enrolled in special education classes during school and earned his diploma. (Tr. 65). His past work experience includes work as a cab driver, dishwasher, pizza delivery person, and factory worker. (*Id*.; Tr. 76).

## III. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in his application of the five-step analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 31, 2007. (Tr. 43). At step two, the ALJ held Plaintiff suffered from the following severe impairments: schizoaffective disorder, bipolar disorder, generalized anxiety disorder, mixed personality disorder, drug and/or alcohol addiction and obesity. (Tr. 44). As a result, at step three, the ALJ concluded that these impairments, including Plaintiff's substance abuse, met Listing 12.04 and 12.09 of the Listings of Impairments codified in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). (Tr. 44-45).

In light of this finding, the ALJ examined the effect Plaintiff's substance abuse had on his other impairments. The ALJ found that even if Plaintiff ceased abusing substances, his other severe impairments would remain. However, the ALJ determined that Plaintiff's impairments would not meet or medically equal listing level if Plaintiff stopped abusing drugs and/or alcohol.

3

(Tr. 46). Accordingly, at step four, the ALJ held that Plaintiff would retain the ability to perform a reduced range of medium work if he were to stop abusing drugs and alcohol. (Tr. 47-51).

Furthermore, at step four, the ALJ ruled that absent substance abuse, Plaintiff was capable of returning to his prior job as a kitchen helper. (Tr. 51-52). Alternatively, the ALJ ruled that Plaintiff could also perform work as a commercial cleaner, day worker or housekeeping cleaner. (Tr. 52-53). Thus, the ALJ ultimately found that Plaintiff was not disabled, because absent his substance abuse, Plaintiff would be able to work successfully. (*Id.*).

## IV. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

## V. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001)*; Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might

accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## VI. ANALYSIS

Plaintiff challenges the ALJ's ruling on two grounds. First, Plaintiff maintains that the ALJ improperly concluded that his substance abuse was a contributing factor material to his disability. Second, Plaintiff attacks the ALJ's negative assessment of his credibility.

### A. Substance Abuse

The ALJ began by considering whether Plaintiff was disabled when taking his substance abuse into account. The ALJ held that Plaintiff's substance abuse constituted as a severe impairment. The ALJ then ruled that Plaintiff was disabled because Plaintiff's impairments, including substance abuse, combined to meet the requirements of listings 12.04 (affective disorders) and 12.09 (substance addiction disorders) of the listing of impairments set forth in 20 C.F.R. Part 404, Subpart A, Appendix 1.[2] Specifically, Plaintiff was found to satisfy paragraph

---

[2] To meet the requirements of listing 12.09, the claimant must satisfy the requirements of any one of an enumerated list of recognized impairments; in this case, Plaintiff met the listing

A of listing 12.04 because he experienced sleep disturbance, decreased energy, feelings of guilt or worthlessness and thoughts of suicide.  The ALJ also held Plaintiff's impairments met the requirements of paragraph B of listing 12.04, as Plaintiff suffered moderate to marked restrictions in activities of daily living and social functioning, marked deficiencies in concentration, persistence and pace and one to two episodes of decompensation.

With regard to activities of daily living, the ALJ noted that during periods of substance abuse, Plaintiff reported experiencing low self-esteem, low self-worth, feelings of hopelessness and helplessness, decreased energy, and was unable maintain his personal hygiene.

With regard to social functioning, Plaintiff was generally unable to maintain relationships with others while he was abusing drugs and/or alcohol.  Hospital records show that Plaintiff was unable to get along with hospital staff and social workers.  With regard to personal relationships, Plaintiff was not welcome at the home of his mother-in-law and was eventually imprisoned for domestic violence against his wife.  It was further noted that he "went on [an] alcohol and drug binge, did not take his medication and wound up arrested".  (Tr. 45).

Plaintiff also suffered difficulties in the area of concentrating, persisting and keeping adequate pace when he abused drugs.  Hospital records show that he reported racing thoughts, rapid speech, hyperactivity, depressed mood, irritability and auditory hallucinations.  Finally, although the ALJ did not explicitly identify periods when Plaintiff experienced episodes of decompensation, the ALJ found that Plaintiff had experienced one or two such episodes of an extended duration.

---

requirements for depressive syndrome, found in listing 12.04.  20 C.F.R. Part 404, Sbpt. P., App'x. 1, § 12.09.

6

However, the ALJ found that Plaintiff would not be disabled if he were to stop abusing substances. To begin, the ALJ noted that although Plaintiff's remaining impairments would cause more than a minimal impact upon his ability to work, they would no longer combine to meet or equal listing level. The ALJ found that absent substance abuse, Plaintiff would no longer satisfy the criteria set forth in paragraph B of listing 12.04. After taking substance abuse out of the analysis, the ALJ held that Plaintiff only suffered from mild restrictions in daily activities, moderate deficiencies in social functioning and concentration, persistence and pace, and no episodes of decompensation of an extended duration.

Plaintiff takes great issue with this portion of the ALJ's ruling. Plaintiff acknowledged his history of drug and alcohol abuse at the hearing. He also concedes that it was proper for the ALJ to consider whether his substance abuse was a contributing factor material to the ALJ's disability finding. However, Plaintiff argues that the ALJ's determination was erroneously based upon a narrow period of time spanning only three months: May through July 2008.

Pursuant to the Contract With America Advancement Act of 1996, disability benefits cannot be awarded to an individual where drug addiction or alcoholism is a material contributing factor to the finding of disability. *Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004) (*citing* Pub.L. No. 104-121 § 105(a)(1)). The governing regulations lay out the process used to evaluate a claimant's drug addiction or alcoholism. 20 C.F.R. § 416.935(b). The regulations state, in part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination,

>would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. § 416.935(b)(1)-(2). If the claimant's remaining limitations do not render the claimant disabled, then the claimant's drug or alcohol problem will be deemed a contributing factor material to his/her disability. 20 C.F.R. § 416.935(b)(2)(i). "To make a materiality determination, an ALJ may 'look at a claimant's periods of sobriety and compare those periods to times when the claimant was abusing substances.'" *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528479, at \*1 (W.D.Mich. Sept. 29, 2011) (*quoting Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 443 (6th Cir. 2011)). The claimant bears the ultimate burden of proving his substance abuse is not a contributing factor material to his disability. *Underwood v. Comm'r of Soc. Sec.*, No. 4:08-cv-2540, 2010 WL 424970, at \*6 (N.D.Ohio Jan. 22, 2010) (O'Malley, J.).

In fact, the ALJ's decision finding Plaintiff disabled relied heavily upon hospitalizations Plaintiff underwent in May, June and July 2008. In May 2008, Plaintiff was hospitalized for approximately two days. (Tr. 295-96). During his hospital stay, Plaintiff admitted that he had used marijuana five days earlier. In June 2008, Plaintiff was admitted to the hospital after overdosing on prescription medication. (Tr. 258). Finally, in July 2008, Plaintiff was re-admitted to the hospital for overdosing on prescription medication again. (Tr. 529).

It was reasonable for the ALJ to rely upon Plaintiff's hospitalizations between May and July 2008 to determine whether his substance abuse was a contributing factor material to his disability. The Sixth Circuit has sanctioned the practice of looking at periods of sobriety and comparing those periods with times when the claimant was abusing substances, in making the materiality determination. *Monateri,* 436 F. App'x at 443.

Records from Plaintiff's hospitalizations between May and July 2008 note substance abuse. During his hospitalization in May, Plaintiff conceded that he had used marijuana five days prior. Though the hospital records do not indicate that Plaintiff was under the influence of drugs at the time he presented to the emergency room, Plaintiff's admission of recent drug use was relevant evidence for the ALJ to consider as it demonstrated that Plaintiff was still actively using drugs at that time. Despite Plaintiff's arguments to the contrary, his hospitalizations from June and July also involved substance abuse – albeit the abuse of prescription medication. Both hospitalizations were precipitated by Plaintiff's misuse of medications prescribed to him. Courts have considered prescription drug abuse as "substance abuse" which can preclude an award of benefits. *See Paggeot v. Comm'r of Soc. Sec.*, No. 1:09-cv-794, at \*4 (W.D.Mich. Aug. 20, 2010); *see also McGill v. Comm'r of Soc. Sec.*, 288 F. App'x 50, 52-53 (3d Cir. 2008).

Therefore, to determine whether Plaintiff's substance abuse was material to his disability, the ALJ looked at Plaintiff's level of functioning during the above-referenced times of substance abuse and compared them with Plaintiff's reported functionality during the following periods of sobriety. First, the ALJ cited prison records addressing Plaintiff's functionality while incarcerated and presumably sober. During this time, Plaintiff was regretful for his actions, cooperative, exemplified intact thought process and normal thought content, and admitted that drugs and alcohol were a "big part" of his problems. Additionally, in February and March 2009, Plaintiff was actively looking for work and even applied to and was accepted into college. Plaintiff was also responsible for taking care of his children for roughly half of the summer.

Although Plaintiff was hospitalized several times, even during periods of noted sobriety, the ALJ ruled that Plaintiff's symptoms, in each of the four relevant categories considered under

"paragraph B" of the listings,[3] were less severe during these periods than they were when Plaintiff was abusing substances.  For example, with regard to daily activities, Plaintiff generally was motivated to succeed, maintained his hygiene and lived independently.  Notably, even during hospitalizations for suicidal ideations, records show that Plaintiff was able to manage all activities of daily living.  On the other hand, when he was abusing substances, hospital records described Plaintiff as having low-self esteem and self-worth, feeling hopeless and helpless, and appearing unshaved and unkempt.

In regards to social functioning, the ALJ noted that when sober, hospital staff described Plaintiff as polite, calm and cooperative.  (Tr. 421).  In contrast, Plaintiff generally behaved more aggressively when abusing substances, which had led to arrests in the past.  He also had problems getting along with relatives during periods of substance abuse.

The ALJ also adequately distinguished Plaintiff's abilities in the area of concentration, persistence and pace between hospitalizations related to substance abuse and those occurring during periods of sobriety.  When abusing substances, Plaintiff's thought processes were described as "hyper-productive".  (Tr. 530).  He also admitted experiencing auditory hallucinations and being distracted.  But, when sober, hospital records revealed that Plaintiff denied experiencing any auditory or visual hallucinations or illusions.  Furthermore, Plaintiff denied suicidal or homicidal ideation.  Accordingly, the ALJ found that Plaintiff was better able to control his symptoms when he was not abusing drugs and/or alcohol.

---

[3] The four categories are: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation.  20 C.F.R. Pt. 404, Sbpt P., App'x 1, § 12.00(C).

Finally, the ALJ noted that Plaintiff had not experienced any episodes of decompensation when sober.[4] The ALJ explained that the multiple suicide attempts referenced during periods of sobriety suggested that Plaintiff used this behavior as a means to acquire housing when homeless.[5] The evidence of record supports this finding. State agency psychologist Catherine Flynn opined that Plaintiff's records showed diagnoses of malingering and suicide attempts for secondary gain. (Tr. 442, 446). State agency psychologist Deryck Richardson also indicated Plaintiff had acknowledged using suicide attempts on "numerous occasions" to obtain shelter. (Tr. 428). The ALJ also noted that Plaintiff's symptoms appeared to be controlled when he was compliant with his medications. In fact, when Plaintiff was discharged from the hospital in April 2009, his prognosis was noted to "improve with abstinence and treatment." (Tr. 422).

Therefore, based upon a review of the record, the undersigned finds the ALJ's ruling is supported by substantial evidence. The ALJ properly drew comparisons between Plaintiff's functionality during periods of sobriety and periods of substance abuse, and reasonably concluded that Plaintiff's substance abuse contributed materially to his disability. Because the ALJ's decision is supported by the record, it is entitled to deference. The Court is mindful that there is a "zone of choice" within which the ALJ can render a decision without disturbance by

---

[4] Although the ALJ found Plaintiff had suffered one or two episodes of decompensation when abusing substances, the ALJ's decision did not specify which hospitalizations to which he was referring.

[5] Plaintiff also presented the Court with evidence, not submitted to the ALJ, documenting additional hospitalizations. Plaintiff only submitted this evidence to the Appeals Council. Because the Appeals Council denied review of Plaintiff's claim, the Court's review is strictly limited to consideration of the evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993). Thus, this evidence was not considered. Furthermore, Plaintiff has not shown how this evidence was new or material, or otherwise provided good cause for his failure to present it at an earlier time in order to warrant remand under sentence six of 42 U.S.C. § 405(g).

the Court. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (*citing Mullen, supra,* 800 F.2d at 545).

## B. Credibility

Plaintiff also argues that substantial evidence does not support the ALJ's discounting of his credibility. It is well-established that an ALJ's credibility findings are entitled to great deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). The ALJ has the opportunity to observe the demeanor and disposition of witnesses during the hearing process. Therefore, the ALJ, and not the reviewing court, is best equipped to evaluate the credibility of witnesses. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007). Yet, the ALJ is not permitted to make credibility determinations based upon "intangible or intuitive notion[s]" about an individual. *Id.* Social Security Ruling 96-7 mandates the ALJ to include an explanation of his credibility findings within his decision.

Here, the ALJ provided numerous reasons for discrediting Plaintiff's claims of disability. For instance, the ALJ held that Plaintiff's ability to care for his children for nearly half the summer demonstrated his ability to care for himself and others. The ALJ further relied upon evidence from Plaintiff's case worker, who had a long-standing relationship with Plaintiff, and opined that Plaintiff "probably" could hold down a full time job. Aside from the medical evidence cited *supra*, the ALJ also pointed to Plaintiff's actions, such as his enrollment in college, to disprove his allegations.

Plaintiff's challenges to the ALJ's reliance upon this evidence are unavailing. First, Plaintiff objects to the ALJ's reference to his ability to enroll in community college because Plaintiff notes that he was in school for less than one year and did not perform well in his classes. But, the ALJ cited to this evidence to demonstrate that Plaintiff was motivated to live positively

12

when not abusing substances, and likewise was capable of being a productive member of society. Admittedly, Plaintiff testified that he did not perform well in college because "the math was too hard for [him]", but regardless of Plaintiff's academic performance, his actions demonstrate that when not engaging in substance abuse, he retained the ability to engage in meaningful activities, which suggested he was not disabled.

Similarly, it was reasonable for the ALJ to consider Plaintiff's ability to care for his children during a portion of the summer. Plaintiff notes that at the time of the hearing, he did not have custody of his children because the local child protection agency did not feel he was fit to keep them due to his mental health problems. Nonetheless, it was proper for the ALJ to consider this evidence because Plaintiff *was* able to care for his children for at least a portion of the relevant time under review. Thus, Plaintiff's impairments were not completely disabling for the entire period for which he seeks disability benefits. Furthermore, any alleged error committed by the ALJ in considering this evidence after Plaintiff's children were removed from his home was rendered moot by the ALJ's reliance upon other substantial evidence in the record justifying his credibility determination.

Lastly, Plaintiff claims it was improper for the ALJ to conclude that his suicide attempts were actually subterfuges to obtain housing when he was homeless. Instead, Plaintiff suggests that his mental illness triggered his substance abuse, especially during times of homelessness, and caused him to behave accordingly.

It is important to note that the ALJ did not reject Plaintiff's claim that he suffers from mental impairments. Rather, the ALJ discredited Plaintiff's allegation that the severity and limiting effects of those impairments were disabling. Unfortunately for Plaintiff, there is substantial evidence showing that the totality of his impairments are not disabling when he is

sober and compliant with treatment. Both the state agency reviewers as well as Plaintiff's case worker agreed that Plaintiff retained the ability to work when not abusing alcohol or other substances. Furthermore, as stated above, Plaintiff previously admitted to medical professionals that he had indeed used suicide attempts as a method to obtain housing. Although the undersigned acknowledges that Plaintiff's mental impairments undoubtedly had *some* effect upon his substance abuse – substantial evidence demonstrates that his mental impairments do not alone restrict Plaintiff to the degree to which Plaintiff asserts. Plaintiff has not identified any medical opinion evidence wherein his physicians found him to be disabled when sober and fully compliant with his medication. As a consequence, the undersigned declines to disturb the ALJ's ruling.

## VII.  DECISION

For the foregoing reasons, the Court **AFFIRMS** the decision of the Commissioner.

                                                            s/ Kenneth S. McHargh
                                                            Kenneth S. McHargh
                                                            United States Magistrate Judge

Date: August 27, 2013.